Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel:  (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Carolyn H. Cottrell (*pro hac vice*)
David C. Leimbach (*pro hac vice*)
William M. Hogg (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
whogg@schneiderwallace.com
*Lead Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| LORRAINE LYTLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COQUILLE VALLEY HOSPITAL,<br><br>Defendant. | Case No.  6:19-cv-00722-AA<br><br>CLASS AND COLLECTIVE ACTION<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT** |

The Motion for Preliminary Approval of Class and Collective Action Settlement filed by Lorraine Lytle came for hearing in the above-captioned court, the Honorable Ann Aiken presiding. Defendant does not oppose the motion but preserves its ability to oppose the extent of the award of attorneys' fees.

In the Complaint, Plaintiff alleges that Defendant violated Federal and Oregon wage and hour laws with respect to a group of eighty-eight (88) current and former non-exempt nursing staff who have worked for Coquille Valley Hospital. Throughout the relevant time period, Plaintiffs allege they were required to remain on-duty during their unpaid meal breaks in accordance with Defendant's practices, policies, and as a requirement to abide by their patient care-related ethical obligations to their patients. Plaintiffs also allege they were required to arrive early for their shifts, but were instructed to remain clocked out while they prepared for their day and were required to clock in only within a few minutes of their scheduled start time. Plaintiffs also allege they were required to clock out within a few minutes of their end-of-shift, but were expected to stay late to complete charting and assist other hospital personnel.

After informal discovery and investigation by Plaintiff's counsel, the Parties entered into voluntary settlement conference overseen by the Honorable Magistrate Judge Stacie Beckerman in an attempt to resolve the claims. As a result of that settlement conference on January 16, 2020, the Parties reached a global settlement that resolves all of the claims in the action as to the eighty-eight Class members. The Parties then extensively negotiated, drafted, and executed a Stipulation of Class and Collective Action Settlement, that was executed on April 6, 2021.

A hearing was held before this Court on _____, 2021 for the purpose of determining whether the proposed Settlement is within the range of possible approval, if Notices of the Settlement to the Class are appropriate, and whether a formal fairness hearing, also known

as a final approval hearing, should be scheduled. Appearing at the hearing was Schneider Wallace Cottrell Konecky LLP and Buchanan Angeli Altschul & Sullivan LLP for the Plaintiff, Class, and Collective members, and Arbor Employment Law on behalf of Coquille Valley Hospital.

Having reviewed the papers and documents presented, having heard the statements of counsel, and having considered the matter, the Court HEREBY ORDERS as follows:

1. The Court hereby GRANTS preliminary approval of the terms and conditions contained in the Settlement, attached hereto as **Exhibit 1**. The Court preliminary finds the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2. The Court finds on a preliminary basis that: (1) the settlement amount is fair and reasonable as to the Class members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court preliminarily finds the Settlement was entered into in good faith.

3. The Court hereby GRANTS conditional certification of the provisional Class, in accordance with the Settlement, for the purposes of this Settlement only. The Class is defined as: the eighty-eight (88) current and former non-exempt nursing staff,

including registered nurses, licensed practical nurses, and certified nursing assistants, who worked for CVH in the medical/surgical department, emergency department, wound care department, or operating room at any time from November 10, 2018 through May 9, 2019. The "FLSA Sub-Class" means all current and former class members who have either already opted in to the FLSA collective action, or who otherwise timely submit a claims form to become Opt-In Plaintiffs in conjunction with the Settlement. The "Rule 23 Sub-Class" means all current and former Class members who do not timely submit a claims form to become Opt-In Plaintiffs in conjunction with the Settlement and who do not exclude themselves from the settlement entirely.

4. The Court hereby GRANTS Approval of the terms and conditions contained in the Settlement as to the FLSA Sub-Class. The Court finds the terms of the Settlement are within the range of possible approval, pursuant to the Fair Labor Standards Act and applicable law.

5. The Court finds that: (1) the settlement amount is fair and reasonable to the FLSA Sub-Class Members when balanced against the probable outcome of further litigation relating to certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive

negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

6. The Court hereby authorizes the retention of ILYM Group as Settlement Administrator for the purpose of the Settlement, with reasonable administration costs estimated not to exceed $2,115.00.

7. The Court hereby conditionally appoints Schneider Wallace Cottrell Konecky LLP and Buchanan Angeli Altschul & Sullivan LLP as Class Counsel, and the Court hereby conditionally appoints Plaintiff Lytle as the Class Representative and as representative for the FLSA Sub-Class.

8. The Court hereby APPROVES the Notice of Settlement and Claims Form attached to the Settlement as **Exhibits A-B**. The Court finds the Notice of Settlement, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds the Notice of Settlement appears to fully and accurately inform the Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. The Court also finds the Notice of Settlement appears to fully and accurately inform the FLSA Sub-Class Members of all material elements of the proposed Settlement and their right to file a written consent to join the FLSA Sub-Class.

9. The Court hereby authorizes dissemination of the Notice of Settlement and Claims Form to the Class Members. Subject to the terms of the Settlement, the Notice of Settlement shall be mailed via first-class mail and email (if email addresses are

available), using the most current mailing and email addresses identified within the timeframe specified in the Settlement. The Parties are authorized to make non-substantive changes to the proposed Notice of Settlement that are consistent with the terms of the Settlement and this Order.

10. The Court hereby APPROVES the proposed procedure for Class Members to request exclusion from the Rule 23 component of the Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator during the time period permitted under the Settlement. Any Class Member who submits a written exclusion shall not be a Member of the Class, shall be barred from participating in the Rule 23 component of the Settlement, and shall receive no benefit from the Rule 23 component of the Settlement.

11. For the time being, the Court abeys its decision with respect to the amount to be awarded in attorneys' fees and costs, while noting that Coquille Valley Hospital agreed not to oppose any application for an award of fees not to exceed 25% of the Gross Settlement Amount or $287,500.00, that Coquille Valley Hospital will oppose any fee award over the 25% level, and that Plaintiff reserved the right to request a fee award up to one-third of the Gross Settlement Amount.

12. The Court ORDERS that Plaintiff's counsel shall file a motion for final approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the Class Members' identities who request exclusion from the Settlement, at least 35 days before the Final Approval Hearing.

13. The Court ORDERS that Plaintiff's counsel shall file a motion for approval of the fee and cost award, and of the service award to the Class Representative, with the

[Proposed] Order Granting Motion for Preliminary Approval of Class and Collective Action Settlement

appropriate declarations and supporting evidence, to be heard at the same time as the motion for final approval of the Settlement.

14. The Court further ORDERS that each Class Member shall be given a full opportunity to object to the Rule 23 component of the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on _____ in this Court. Any member of the Class seeking to object to the proposed Settlement may file such objection in writing with the Court and shall serve such objection on Plaintiff's counsel and Coquille Valley Hospital's counsel.

15. Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the proposed Notice of Settlement and adopts the following dates and deadlines:

| | |
|---|---|
| Date of preliminary approval of the Settlement as to Classes and approval of the Settlement as to the Collective | |
| Deadline for CVH to provide ILYM Group with the Class List | Within 14 days after the Court's preliminary approval of the Settlement |
| Deadline for ILYM Group to mail the Notice of Settlement to Class Members | Within 14 days after ILYM Group receives the Class List |
| Deadline for Rule 23 Class Members to postmark requests to opt-out or file objections to the Settlement | 30 days after Notices of Settlement are mailed |
| Deadline for ILYM Group to provide all counsel with a report showing (i) the names of Rule 23 Class Members and FLSA Class Members; (ii) the Individual Settlement Payments owed to each Rule 23 Class Member and FLSA Class Member; (iii) the final number of Class Members who have submitted objections or valid letters requesting exclusion from the Settlement; and (iv) the number of undeliverable Notices of Settlement. | Within 10 business days after the opt out/objection deadline |
| Deadline for filing of Final Approval Motion | At least 35 days before Final Approval Hearing |
| Deadline for ILYM Group to provide the Court | At least 10 days before Final Approval |

| | |
|---|---|
| and all counsel for the Parties with a statement detailing the Settlement Administration Costs and its administration of the Notice of Settlement process | Hearing |
| Final Approval Hearing | To be scheduled by the Court |
| Effective Date | The latest of: (i) if no appeal is filed, the expiration date of the time for filing or noticing any appeal of the judgment (*i.e.*, 30 days from the entry of judgment); (ii) if there is an appeal of the Court's judgment, the date of dismissal of such appeal, or the expiration of the time to file a petition for writ of certiorari to the United States Supreme Court; or (iii) if a petition for writ of certiorari is filed, the date of denial of the petition for writ of certiorari, or the date the judgment is affirmed pursuant to such petition. |
| Deadline for ILYM Group to calculate the employer share of taxes and provide CVH with the total amount of Payroll Taxes | Within 7 days after Effective Date |
| Deadline for CVH to pay the Gross Settlement Amount into the Qualified Settlement Account | Within 14 days after Effective Date |
| Deadline for CVH to deposit the amount of Payroll Taxes | Within 14 days after Effective Date |
| Deadline for ILYM Group to make payments under the Settlement to Participating Individuals, Class Representative, Plaintiffs' counsel, and itself | Within 45 days after the Effective Date |
| Check-cashing deadline | 120 days after issuance |
| Deadline for ILYM Group to provide written certification of completion of administration of the Settlement to counsel for all Parties and the Court | As soon as practicable after check-cashing deadline |

16. The Court further ORDERS that, pending further order of this Court, all proceedings in the Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

17. If for any reason the Court does not execute and file a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

18. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Class.

**IT IS SO ORDERED.**

Dated: _____        _____
                                              HON. ANN AIKEN
                                              United States District Judge,
                                              District of Oregon