Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel: (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Carolyn H. Cottrell (*pro hac vice*)
David C. Leimbach (*pro hac vice*)
Jordyn D. Rystrom Emmert (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
jemmert@schneiderwallace.com
*Lead Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| LORRAINE LYTLE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>COQUILLE VALLEY HOSPITAL,<br><br>    Defendant. | Case No.  6:19-cv-00722-AA<br><br>CLASS AND COLLECTIVE ACTION<br><br>**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT**<br><br>**NOTED FOR HEARING: May 9, 2022** |

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................... 7

II.  FACTUAL BACKGROUND ............................................................................. 8

III. NOTICE OF SETTLEMENT, RESPONSE OF CLASS MEMBERS, AND OPT-IN
PROCESS ......................................................................................................... 10

IV.  TERMS OF THE SETTLEMENT ................................................................... 11

   A.   Basic terms and value of the Settlement. ................................................... 11
   B.   Class and Collective definitions. ............................................................... 14
   C.   Allocation and awards. .............................................................................. 14
   D.   Scope of Release and Final Judgment ....................................................... 15
V.   ARGUMENT .................................................................................................. 16

   A.   Ninth Circuit Precedent Favors and Encourages Class Settlements ............ 16
   B.   The Best Practicable Notice Was Provided to the Class Members ............... 19
   C.   The Settlement Readily Warrants Final Approval ....................................... 20
      1.   The Settlement is entitled to a presumption of fairness  because it is the product of
informed, non-collusive, and arm's-length negotiations ........................................ 20
      2.   The Class Members overwhelmingly support the Settlement ................... 21
      3.   The strengths of Plaintiff's case ............................................................. 21
      4.   The Action involves significant risk and the possibility of extensive further litigation
22
      5.   The amount of the settlement favors approval ......................................... 23
      6.   Wide-ranging informal discovery has been completed ............................ 25
      7.   Class Counsel are highly experienced ..................................................... 25
   D.   The Class Representative Service Payment and Requested  Attorneys' Fees and Costs
are Reasonable ................................................................................................... 26
   E.   The Court Should Finally Certify the Class ................................................ 27
      1.   The Class is numerous and ascertainable ................................................ 27
      2.   Plaintiff's claims raise common issues of fact and law ............................ 28
      3.   Plaintiff's claims are typical of the claims of the Class ........................... 29
      4.   Plaintiff and Class Counsel will adequately represent the Class ............... 29
      5.   The Rule 23(b)(3) requirements for class certification are also met ......... 30
VI.  THE COURT SHOULD APPROVE THE PROPOSED SCHEDULE............... 31

VII. CONCLUSION ............................................................................................... 32

**SCHNEIDER WALLACE**
**COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amaraut v. Sprint/United Mgmt. Co.*,
  No. 19-cv-411-WQH-AHG, 2021 WL 3419232, 2021 U.S. Dist. LEXIS 147176 (S.D. Cal.
  Aug. 5, 2021) ............................................................................................................... 18

*Amchem Prod., Inc. v. Windsor*,
  521 U.S. 591 (1997) ..................................................................................................... 31

*Balderas v. Massage Envy Franchising, LLP*,
  2014 WL 3610945 (N.D. Cal. July 21, 2014 .............................................................. 24

*Bell v. Consumer Cellular, Inc.*,
  No. 3:15-cv-941-SI, 2017 U.S. Dist. LEXIS 95401 (D. Or. June 21, 2017) ...................... 25, 26

*Boyd v. Bechtel Corp.*,
  485 F. Supp. 610 (N.D. Cal. 1979) ............................................................................. 25

*Carter v. Anderson Merchandisers, LP*,
  No. EDCV 08-0025-VAP OPX, 2010 WL 1946784 (C.D. Cal. May 11, 2010) ..................... 25

*Churchill Village, L.L.C. v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ...................................................................................... 20

*Clifton v. Babb Constr. Co.*,
  No. 6:13-cv-1003 MC, 2014 WL 5018897, 2014 U.S. Dist. LEXIS 140951 (D. Or. Oct. 1,
  2014) ............................................................................................................................ 18

*Cody v. Hillard*,
  88 F.Supp.2d 1049 (D.S.D. 2000) ............................................................................... 21

*Dunn v. Teachers Ins. & Annuity Ass'n of Am.*,
  No. 13-CV-05456-HSG, 2016 WL 153266 (N.D. Cal. Jan. 13, 2016) ................................... 17

*Fenn v. Hewlett-Packard Co.*,
  No. 1:11-cv-00244-BLW, 2012 U.S. Dist. LEXIS 181586 (D. Idaho Dec. 21, 2012) ............. 18

*Franklin v. Kaypro Corp.*,
  884 F.2d 1222 (9th Cir. 1989) .................................................................................... 17

*Grewe v. Cobalt Mortg., Inc.*,
  No. C16-0577-JCC, 2016 U.S. Dist. LEXIS 98224 (W.D. Wash. July 27, 2016) .................. 17

*Grunin v. Int'l House of Pancakes*,
  513 F.2d 114 (8th Cir. 1975) ...................................................................................... 19

**SCHNEIDER WALLACE**
**COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Guilbaud v. Sprint Nextel Corp.*,
No. 3:13-CV-04357-VC, 2016 WL 7826649 (N.D. Cal. Apr. 15, 2016) ................................. 18

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ............................................................................................ 16, 28

*Ikonen v. Hartz Mountain Corp.*,
122 F.R.D. 258 (S.D. Cal. 1988) ................................................................................................ 27

*In re Am. Bank Note Holographics, Inc.*,
127 F.Supp.2d 418 (S.D.N.Y. 2001) .......................................................................................... 21

*In re AutoZone, Inc., Wage & Hour Employment Practices Litig.*,
289 F.R.D. 526 (N.D. Cal. 2012) ............................................................................................... 22

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ..................................................................................................... 25

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir.2000) ...................................................................................................... 23

*In re Syncor ERISA Litig.*,
516 F.3d 1095 (9th Cir. 2008) ................................................................................................... 20

*Jones, et al. v. CertifiedSafety, Inc.*,
Case No. 3:17-cv-02229-EMC (N.D. Cal. June 1, 2020) ......................................................... 18

*Kilbourne v. Coca-Cola Co.*,
No. 14CV984-MMA BGS, 2015 WL 5117080 (S.D. Cal. July 29, 2015) ................................. 22

*Lane v. Kitzhaber*,
283 F.R.D. 587 (D. Or. 2012) .................................................................................................... 28

*Langford v. Devitt*,
127 F.R.D. 41 (S.D.N.Y. 1989) .................................................................................................. 19

*Lewis v. Starbucks Corp.*,
No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690 (E.D. Cal. Sept. 11, 2008) ..................... 25

*Lynn's Food Stores, Inc. v. United States*,
679 F.2d 1350 (11th Cir. 1982) ................................................................................................. 17

*Ma v. Covidien Holding, Inc.*,
2014 WL 360196 (C.D. Cal. Jan. 31, 2014) .............................................................................. 24

*Mandujano v. Basic Vegetable Products, Inc.*,
541 F.2d 832 (9th Cir. 1976) ................................................................................................ 19, 21

Plaintiff's Motion for Final Approval of Class
And Collective Settlement– Page 4

**SCHNEIDER WALLACE**
**COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Monterrubio v. Best Buy Stores*, L.P.,
   291 F.R.D. 443 (E.D. Cal. 2013) ................................................................................ 25

*O'Connor v. Uber Techs., Inc.*
   No. 13-cv-03826-EMC, 2019 U.S. Dist. LEXIS 157070 (N.D. Cal. Sep. 13, 2019) .............. 18

*Officers for Justice v. Civil Serv. Comm'n.*,
   688 F.2d 615 (9th Cir. 1982) ................................................................... 18, 20, 26

*Otey v. CrowdFlower, Inc.*,
   No. 12-CV-05524-JST, 2015 WL 153266 (N.D. Cal. Oct. 16, 2015) .................................... 17

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) .......................................................................... 24

*Rolex Emps. Ret. Tr. v. Mentor Graphics Corp.*,
   136 F.R.D. 658 (D. Or. 1991) ........................................................................ 28

*Romero v. Producers Dairy Foods, Inc.*,
   235 F.R.D. 474 (E.D. Cal. 2006) ..................................................................... 27

*Soto, et al. v. O.C. Communications, Inc.*,
   Case No. 3:17-cv-00251-VC, ECF 304-305 (N.D. Cal. Oct. 23, 2019) ................................ 18

*Stovall-Gusman v. W.W. Granger, Inc.*,
   2015 WL 3776765 (N.D. Cal. June 17, 2015) ........................................................ 24

*Swearingen v. Amazon*,
   No. 3:19-cv-1156-JR, 2021 U.S. Dist. LEXIS 247173 (D. Or. July 19, 2021) ...................... 28

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) ......................................................................... 19

*Viceral v. Mistras Grp., Inc.*,
   No. 15-cv-02198-EMC, 2017 U.S. Dist. LEXIS 23220 (N.D. Cal. Feb. 17, 2017) ................ 18

*Viceral v. Mistras Grp., Inc.*,
   Case No. 15-cv-2198-EMC, 2016 WL 5907869 (N.D. Cal. Oct. 11, 2016) .......................... 24

*Villafan v. Broadspectrum Downstream Servs.*,
   No. 18-cv-06741-LB, 2020 U.S. Dist. LEXIS 218152 (N.D. Cal. Nov. 20, 2020) ................ 22

*Wang v. Chinese Daily News, Inc.*,
   737 F.3d 538 (9th Cir. 2013) ..................................................................... 28, 30

*Wren v. RGIS Inventory Specialists*,
   No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ................................. 20

**SCHNEIDER WALLACE**
**COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*York v. Starbucks Corp.*,
    No. CV 08-07919 GAF PJWX, 2011 WL 8199987 (C.D. Cal. Nov. 23, 2011) ..................... 22

## **Statutes**

29 U.S.C. § 201 ............................................................................................................. 7

29 U.S.C. § 216(b) ....................................................................................................... 17

Fed. R. Civ. P., Rule 23(a) ............................................................................... 16, 27, 28, 29

Fed. R. Civ. Proc., Rule 23(e) ................................................................................... 7, 16

Fed. R. Civ. Proc., Rule 23(e)(2) ......................................................................... 16, 20, 28

## **Treatises**

*Judicial Role in Reviewing a Proposed Class Action Settlement*,
    § 21.61 (4th ed. 2004) ............................................................................................... 16

Plaintiff's Motion for Final Approval of Class
And Collective Settlement– Page 6

**SCHNEIDER WALLACE**
**COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## I. **INTRODUCTION**

Plaintiff hereby moves for final approval of the Stipulation of Class and Collective Action Settlement (the "Settlement Agreement" or the "Settlement,") as referred to in Plaintiff's Motion for Preliminary Approval of Class and Collective Settlement. *See* ECF 48 and 49-1. The Settlement resolves all of the claims in this action on a class and collective basis. As such, Plaintiff moves for an Order:[1]

   (1)    Granting final approval of the Settlement Agreement;

   (2)    Finally certifying the Class for settlement purposes;

   (3)    Finally appointing and approving Plaintiff Lorraine Lytle as Class Representative;

   (4)    Finally appointing and approving Schneider Wallace Cottrell Konecky LLP ("SWCK") and Buchanan Angeli Altschul & Sullivan LLP ("BAAS") as Counsel for the Class and Collective members;

   (5)    Finally appointing and approving ILYM Group Inc. in the amount of $2,115.00 for its services as Settlement Administrator; and

   (6)    Finally approving the implementation schedule, below.

Plaintiff brings this class and collective action (the "Action") on behalf of herself and current and former non-exempt nursing staff, including registered nurses, licensed practical nurses, and certified nursing assistants, who worked for Coquille Valley Hospital ("Defendant" or "CVH"). The Class and Collective encompass such individuals who were required to remain

---

[1] Plaintiff brings this Motion under Rule 23(e) and the long-established precedent requiring Court approval for Fair Labor Standards Act ("FLSA") settlements. The Motion is based on the following Memorandum of Points and Authorities, the Declaration of Carolyn Cottrell, the Declaration of Nathalie Hernandez [Administrator], the Declaration of Dana Sullivan, and all other records, pleadings, and papers on file in the action and such other evidence or argument as may be presented to the Court at the hearing on this Motion. Plaintiff also submits a proposed Final Approval Order and Judgment with the moving papers.

**SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

on-duty during their unpaid meal breaks and required to work "off-the-clock" before and after their shifts from November 10, 2018 through May 9, 2019 (for the FLSA Collective).

The Court granted preliminary approval of the $1,150,000 Settlement on December 16, 2021. *See* ECF No. 52. The Settlement resolves the claims of approximately 88 Class Members and 54 Opt-In Plaintiffs as part of the "FLSA Sub-Class."[2] To date, no Class Members have objected to the Settlement, and no individuals have requested exclusion.

Given the positive response of the Class, and that the Settlement will provide significant monetary payments in these uncertain and trying pandemic times, Class Counsel respectfully submits that the Court should approve the Settlement. By any measure, the Settlement provides a great benefit to the Class and Opt-In Plaintiffs and an efficient outcome in the face of expanding litigation. It is fair, reasonable, and adequate in all respects. As set forth herein, the Settlement should be finally approved.

## II. <u>FACTUAL BACKGROUND</u>

Plaintiff filed this lawsuit against Defendant on May 9, 2019, asserting claims under the FLSA and the wage and hour laws of Oregon on behalf of a putative FLSA collective and a putative Oregon class. See ECF 1. Defendant answered June 21, 2019. See ECF 19. This class and collective action (the "Action") is brought by Plaintiff Lorraine Lytle, on behalf of herself and eighty-eight (88) current and former non-exempt nursing staff, including Registered Nurses, Licensed Practical Nurses, and Certified Nursing Assistants who worked in the Coquille Valley

---

[2] The Notice approved by the Court and circulated to the Class and Collective invited those who worked during the FLSA Collective Period to submit an FLSA Collective Consent Form to become Opt-In Plaintiffs and receive a share of the FLSA Net Settlement. 51individuals have done so as of the date of this Motion. Class Members, who do not request exclusion and are Opt-In Plaintiffs will receive a share from both the Class Net Settlement Fund and the FLSA Net Settlement Fund as FLSA Sub-Class members. Those 37 members who did not become Opt-In Plaintiffs and who did not request exclusion will receive their pro rata portion of the Class Net Settlement Amount allocated to non-FLSA claims as members of the Rule 23 Sub-Class.   *See* Settlement Agreement 4.17.

**SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Hospital ("Defendant" or "CVH") Medical/Surgical, Emergency Department, Wound Care, or Operating Room at any time from November 10, 2018 to May 9, 2019.

Plaintiff and Opt-In Plaintiffs allege that they, and the putative Class, perform work for CVH during unpaid meal periods, before clocking in, and after clocking out, that should be compensated under the FLSA and Oregon law. In particular, Plaintiffs allege they were required to remain on-duty during their unpaid meal breaks in accordance with Defendant's practices, policies, and as a requirement to abide by their patient care-related ethical obligations to their patients. *See* ECF No. 1. at ¶¶ 2-9; 25-29. Plaintiffs also allege they were required to arrive early for their shifts but were instructed to remain clocked out while they prepared for their day and were required to clock in only within a few minutes of their scheduled start time. *Id.* Plaintiffs also allege they were required to clock out within a few minutes of their end-of-shift, but were expected to stay late to complete charting and assist other hospital personnel. *Id.*

Defendant has at all times denied, and continues to deny, these allegations, and deny any and all liability for Plaintiff's claims. Defendant further denies that Plaintiff's allegations are appropriate for class/collective treatment for any purpose other than for settlement purposes only.

Following a preliminary settlement conference with Judge Beckerman to agree upon the scope and content of an extensive pre-mediation exchange of documents and information, the parties thereafter attended a settlement conference on January 16, 2020, mediated by United States Magistrate Judge Stacie Beckerman. *See* ECF 26. As a result of arm's length and good faith negotiations during that settlement conference, the parties reached a settlement in principle on February 21, 2020. *See* ECF 38-39; *see also* Declaration of Carolyn H. Cottrell "Cottrell Decl." at ¶ 17. Over the course of the next year, the parties, with assistance of Judge Beckerman

Plaintiff's Motion for Final Approval of Class
And Collective Settlement– Page 9

**SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

in a continuing mediator/intermediary role, undertook the process of drafting, revising, and finalizing the settlement agreement terms, distilling and crystalizing those terms into a written settlement agreement, and agreeing on the form and content of a settlement notice/claims form process. *See* ECF No. 48. A final version of the written settlement agreement was executed between the parties April 6, 2021. *See* ECF 49-1.

### III. <u>NOTICE OF SETTLEMENT, RESPONSE OF CLASS MEMBERS, AND OPT-IN PROCESS</u>

Following the Court's preliminary approval order, the Settlement Administrator, ILYN, received the Class and Collective Data from Defendant, which contained the names, last known mailing addresses, social security numbers, and total number of applicable wages earned for the Class Members. *See* Cottrell Decl. at ¶ 21-22; *see also* Declaration of Nathalie Hernandez ("Hernandez Decl.") at ¶ 5. On January 13, 2022, ILYN disseminated the Class and Collective Notice Packets via U.S. First Class Mail. *Id*. at ¶ 6.  ILYN sent the notice packet by U.S. Mail to 88 recipients. *Id*.

The notice sent to each member informed the Class Members of: the Settlement terms; their expected share for both the Class allocation and the FLSA allocation; the deadline to submit objections, Requests for Exclusions, FLSA Collective Consent Forms, and disputes; the April 20, 2022 final approval hearing; the names and contact information for Class Counsel and Defendant's Counsel; and that Plaintiff would seek attorneys' fees, costs, and the service award and the corresponding amounts. *See* ECF 52 ("Court's Order Granting Motion for Settlement.")

As of March 11, 2022, 14 hard copy notice packets had been returned to ILYM as undeliverable without forwarding address. Hernandez Decl. at ¶ 7. ILYM performed skip-tracing and other techniques to identify current or new mailing addresses, and approximately

Plaintiff's Motion for Final Approval of Class
And Collective Settlement– Page 10

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

11 notice packets were successfully re-mailed. *Id.* Approximately 3 U.S. Mail notice packets remain undelivered. *Id at ¶* 9. The deadline for Class Members to opt out, object, and dispute their reported workweeks expired February 12, 2022. *Id.* at ¶10. The deadline for Collective Members to opt in also expired February 12, 2022.[3] *Id.* To date, 51 Collective Members have opted into the FLSA portion of the Settlement.[4] *Id.* at 13.

To date, not a single objection has been filed and no Class Members have objected or requested exclusion from the Settlement. *Id.* at ¶ 10-11.

In addition to distributing the Class and Collective Notice Packet, ILYM is responsible for calculating individual settlement payments; calculating all applicable payroll taxes, withholdings and deductions; preparing and issuing all disbursements to be paid to Participating Class Members, the Class Representative, Class Counsel, and federal and local tax authorities; and handling inquiries and/or disputes from Class Members. *Id.* at ¶ 3. ILYM is also responsible for the timely preparation and filing of tax reporting. *Id.* at ¶ 15. Following final approval of the Settlement, ILYM will issue checks to the Class Members. *Id.*

## IV. <u>TERMS OF THE SETTLEMENT</u>

### A. Basic terms and value of the Settlement.

CVH has agreed to pay a non-reversionary Gross Settlement Amount of $1,150,000 to settle the case. ECF No. 48. at ¶ 12. The Net Settlement Amount, which is the amount available to pay settlement awards to the Class and Collective members, is defined as the portion of the Gross Settlement Amount remaining after deduction of the Class Representative Service Payment ($15,000 to Plaintiff Lytle), the Settlement Administration Costs to the Settlement Administrator (estimated to be $2,115), and the Class Counsel Award (an amount no less than

---

[3] The Response Deadline for any Class Member who is re-mailed a Notice of Settlement shall be extended fifteen (15) calendar days from the original thirty (30) calendar day deadline. See Settlement Agreement at 4.7.4.2.
[4] On March 9, 2022 the administrator accepted the late filing of one opt-in, based upon written agreement of the Parties.

**SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

25% of the Gross Settlement Fund, but not to exceed 33% of the Gross Settlement Fund, plus costs.[5] *Id; See* ECF 52 at ¶ 11.

The Gross Settlement amount is a negotiated amount that resulted from substantial arms' length negotiations and significant investigation and analysis by Plaintiff's counsel. See ECF 49 ("Declaration of Carolyn H. Cottrell in Support of Plaintiff's Motion for Preliminary Approval of Class and Collective Settlement" at ¶ 23. Plaintiff's counsel based their damages analysis and settlement negotiations on informal discovery, including the payroll and timekeeping data, as well as interviews with the 88 class members. *Id.* Plaintiff's counsel built a comprehensive damage model from the payroll and timekeeping data produced by Defendant, and applied formulas to determine the total potential damages for unpaid meal breaks, rest periods, and off-the-clock work for each of the 88 class members based on a number of different scenarios based on outreach/interview results (e.g., including probabilities of class/collective certification, probabilities of winning on the merits, and different outlooks based on variations in the class-wide assumptions for average number of minutes worked while off-the-clock). *Id.* at ¶¶ 23-24.

Using these formulas and scenarios, Plaintiff's counsel calculated the total potential exposure if Plaintiff prevailed on her claims—inclusive of derivative claims, penalty claims, and claims for liquidated damages—at approximately $3,741,000. *Id.* at ¶ 25; ECF 48 at ¶ 11. The total amount of damages is broken down as follows:

Plaintiff calculated the unpaid wages owed, based on the assumption for each workday (and inclusive of overtime) of 1.25 hours of unpaid meal break work, pre-shift off-the-clock work, and post-shift off-the-clock work for each shift worked, would total approximately $2,749,000 for the 88 class members. ECF 48 at ¶ 13; ECF 49 at ¶ 37. Additionally, these

_____

[5]Current actual costs are $3,105.17. *See* Hernandez Decl. at ¶ 14.

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

amounts are subject to liquidated damages, assuming willfulness can be demonstrated, which would increase the potential unpaid wage damages to approximately $992,000. *Id.* at ¶ 36.

The class members are also able to potentially recover for regular wage damages, which carry a six-year limitations period under Oregon law (estimated to be approximately $518,000), unlawful deduction damages (estimated to be approximately $441,000), and penalty wage damages (estimated to be approximately $798,000) pursuant to Oregon wage-and-hour laws. In total, Plaintiff's counsel estimated these derivative and penalty damages to be approximately $1,760,000. *See* ECF 48.

The negotiated non-reversionary Gross Settlement Amount of $1,150,000 represents approximately 42% of the $2,749,000 that Plaintiff calculated for the core unpaid wages claims. *See* Cottrell Decl. at ¶ 38. In total, the $1,150,000 Gross Settlement Amount represents approximately 31% of Defendant's total exposure of $3,741,000. *Id.* Again, these figures are based on Plaintiff's assessment of a best-case-scenario. To have obtained such a result at trial, Plaintiff would have had to prove that all 88 class members experienced the violations at the levels described above for every shift and every assignment, and that Defendant acted knowingly or in bad faith. *Id.*

Plaintiff and her counsel considered the significant risks of continued litigation, described hereinafter, when considering the proposed Settlement. *Id.* at ¶ 39. These risks were front and center, particularly given the nature of the off-the-clock work, which would be challenging to certify as a class action and/or to prove the claims on the merits. *Id.* In contrast, the Settlement will result in immediate and certain payment to the Class and Collective members of meaningful amounts, representing more than 40% of their core claims for unpaid wages. These amounts provide significant compensation to the Class and Collective members, and the Settlement

**SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

provides an excellent recovery in the face of expansive and uncertain litigation. In light of all the risks, the settlement amount is fair, reasonable, and adequate. *Id. at ¶* 40.

### B. Class and Collective definitions.

Participating Class Members and Opt-In Plaintiffs will share in the Settlement. As the FLSA Collective consists entirely of individuals that worked in Oregon, all Opt-In Plaintiffs are also Class Members. To the extent an individual is both a Participating Class Member and an Opt-In Plaintiff, he or she will receive a settlement allocation from both the Class component and the FLSA component of the Settlement.

The Class members are comprised of 88 current and former non-exempt nursing staff, including registered nurses, licensed practical nurses, and certified nursing assistants, who worked for CVH in the medical/surgical department, emergency department, wound care department, or operating room at any time from November 10, 2018 through May 9, 2019.

The "FLSA Sub-Class" means all current and former class members who have either already opted in to the FLSA collective action, or who otherwise timely submit a claims form to become Opt-In Plaintiffs in conjunction with the Settlement. As of this date, 51 individuals have submitted Consent Forms and will share in the FLSA component of the Settlement.[6] Hernandez Decl. at ¶ 13.

### C. Allocation and awards.

Depending on the Court's award of attorneys' fees, the Net Settlement Amount to be paid to the Class members will be between approximately $748,446.50 and $842,279.83. *See* Hernandez Decl. at ¶ 14. Each Class member's settlement share will be determined as a pro-rata share of the Net Settlement Amount based on their total W-2 earnings. *Id*. The percentage

---

[6] *See* footnote 4, supra.

Plaintiff's Motion for Final Approval of Class
And Collective Settlement– Page 14

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

allocated for the FLSA claims is set at 50% of the Net Settlement Amount, and the remaining 50% is allocated to the non-FLSA claims. *Id*; *See* Settlement Agreement at 4.13.1.1., (ECF 49-1). For those participating Class members who are part of the Rule 23 Sub-Class, they will only receive their pro-rata portion of the Net Settlement Amount allocated to the non-FLSA claims; the remaining amount of their pro-rata portion would then be re-apportioned back to the FLSA Sub-Class members to be included in their pro-rata portion of the Net Settlement Amount. *Id*; *See* Settlement Agreement at 4.13.1.2.(ECF 49-1).

An agreed-upon service payment, or "enhancement award," is also to be provided to Named Plaintiff and Class Representative Lorraine Lytle. *See* Cottrell Decl. at ¶¶ 50-52; *see* Settlement Agreement at 4.3.1. Any funds returned as undeliverable or are not negotiated within the designated time frame shall be distributed as follows: one-half of any residual settlement formula amount unclaimed will be distributed pro rata to the Participating Class Members, and one-half will be donated to the Coos County Friends of Public Health, or an agreed-upon public local health entity, as a *cy pres* beneficiary. *See* ECF 48; *see also* Settlement Agreement at 4.17.

### D.  Scope of Release and Final Judgment

The releases contemplated by the proposed Settlement are dependent upon whether the Class member filed a claim form to become an Opt-In Plaintiff, whether they are a Rule 23-only participant, or whether they elect to opt-out of the settlement altogether. Opt-In Plaintiffs will release any and all claims under the FLSA based on or arising out of the same factual predicates of the Action, as well as any Oregon state law wage and hour claims that could have been brought  based on or arising out of the factual allegations in the Complaint. *See* ECF 49-1; Settlement Agreement at ¶ 4.19.1. The Rule 23 Class members who did not submit a claims form and opt-in to the FLSA collective action  released any and all claims under applicable Oregon

Plaintiff's Motion for Final Approval of Class
And Collective Settlement– Page 15

**SCHNEIDER WALLACE**
**COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

state law, based on or arising out of the same factual predicates of the Action, including all

claims that were or could have been raised in the Action and any other wage and hour claims for

damages, premiums, penalties, interest, attorneys' fees, and equitable relief, but will not release

their potential FLSA claims. *Id.* at ¶ 4.19.2.

The releases are effective upon final approval of the Settlement. *Id.* at ¶ 3.6. Named

Plaintiff Lytle also agrees to a general release. *Id.* at ¶ 4.21.

## V. <u>ARGUMENT</u>

### A. Ninth Circuit Precedent Favors and Encourages Class Settlements

A certified class action may not be settled without Court approval. *See* Fed. R. Civ. P.

23(e). Approval of a class action settlement requires three steps: (1) preliminary approval of the

proposed settlement upon a written motion; (2) dissemination of notice of the settlement to all

class members; and (3) a final settlement approval hearing at which objecting class members

may be heard, and at which evidence and argument concerning the fairness, adequacy, and

reasonableness of the settlement is presented. Manual for Complex Litigation, *Judicial Role in

Reviewing a Proposed Class Action Settlement*, § 21.61 (4th ed. 2004). The decision to approve

or reject a proposed settlement is committed to the sound discretion of the court. *See Hanlon v.

Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Rule 23 requires that all class action

settlements satisfy two primary prerequisites before a court may grant certification for purposes

of preliminary approval: (1) that the settlement class meets the requirements for class

certification if it has not yet been certified; and (2) that the settlement is fair, reasonable, and

adequate. Fed. R. Civ. P. 23(a), (e)(2); *Hanlon*, 150 F.3d at 1020.

In the FLSA context, Court approval is required for FLSA collective settlements, but the

Ninth Circuit has not established the criteria that a district court must consider in determining

whether a FLSA settlement warrants approval. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n*

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Otey v. CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2015 WL 153266, at *3 (N.D. Cal. Oct. 16, 2015). Most courts within the Ninth Circuit, however, first consider whether the named plaintiff is "similarly situated" to the putative collective members within the meaning of 29 U.S.C. § 216(b), and then evaluate the settlement under the standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Otey*, 2015 WL 6091741, at *4. "If a settlement in an employee FLSA suit does not reflect a reasonable compromise over issues . . . that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *Otey*, 2015 WL 6091741, at *4. *See also Grewe v. Cobalt Mortg., Inc.*, No. C16-0577-JCC, 2016 U.S. Dist. LEXIS 98224, at *2-3 (W.D. Wash. July 27, 2016)(looking to factors such as the risk, expense, complexity, likely duration of litigation, and reaction of putative members to the proposed settlement, among others in considering the fairness of settlement).

Federal law strongly favors and encourages settlements, especially in class actions. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[T]here is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits."). Moreover, when reviewing a motion for approval of a class settlement, the Court should give due regard to "what is otherwise a private consensual agreement negotiated between the parties," and must therefore limit the inquiry "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable

**SCHNEIDER WALLACE**
**COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). *See also Fenn v. Hewlett-Packard Co.,* No. 1:11-cv-00244-BLW, 2012 U.S. Dist. LEXIS 181586, at *2-3 (D. Idaho Dec. 21, 2012)("Thus, a proposed class action settlement should 'be preliminarily approved where it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval.'")

Applying this standard of review to other federal and state-law wage and hour class actions, federal courts in the Ninth Circuit routinely approve class and collective settlements similar to that reached in this case. *See, e.g., Amaraut v. Sprint/United Mgmt. Co.*, No. 19-cv-411-WQH-AHG, 2021 WL 3419232, 2021 U.S. Dist. LEXIS 147176, at *2 (S.D. Cal. Aug. 5, 2021) (granting final approval of a settlement that included both FLSA and Washington law claims); *Jones, et al. v. CertifiedSafety, Inc*., Case No. 3:17-cv-02229-EMC, ECF 232 (N.D. Cal. June 1, 2020) (same); *Soto, et al. v. O.C. Communications, Inc., et al.*, Case No. 3:17-cv-00251-VC, ECF 299, 305 (N.D. Cal. Oct. 23, 2019) (same).[7] Likewise, in its December 16, 2021 order, the Court already granted preliminary approval. *See* ECF 52. This Court also conditionally certified the Class for settlement. *Id.* Accordingly, the only step that remains is final approval of the Settlement, which should be granted pursuant to Ninth Circuit case law and numerous decisions of federal district courts.

---

[7] *See also O'Connor v. Uber Techs., Inc*., No. 13-cv-03826-EMC, 2019 U.S. Dist. LEXIS 157070, at *12 (N.D. Cal. Sep. 13, 2019) (granting final approval of a settlement that included both FLSA and California Labor Code claims); *Viceral v. Mistras Grp., Inc*., No. 15-cv-02198-EMC, 2017 U.S. Dist. LEXIS 23220, at *2 (N.D. Cal. Feb. 17, 2017) (same); *Guilbaud v. Sprint Nextel Corp*., No. 3:13-CV-04357-VC, 2016 WL 7826649, at *1 (N.D. Cal. Apr. 15, 2016) (same); *Clifton v. Babb Constr. Co*., No. 6:13-cv-1003 MC, 2014 WL 5018897, 2014 U.S. Dist. LEXIS 140951, at *1 (D. Or. Oct. 1, 2014) (granting final approval of a settlement that included both FLSA and Oregon law claims).

**SCHNEIDER WALLACE**
**COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

### B.  The Best Practicable Notice Was Provided to the Class Members

Pursuant to the Court's December preliminary approval order, independent administrator ILYM sent the Court-approved Class and Collective Notice Packet to the Class Members in accordance with the terms of the Settlement. *See* Cottrell Decl. at ¶¶ 21-22; Hernandez Decl. at ¶¶ 5-6. The 88 Notices were sent via U.S. Mail, with 11 Notice packets re-mailed as a result of thorough skip tracing efforts. *Id*.

Notice of a class action settlement is adequate where the notice is given in a "form and manner that does not systematically leave an identifiable group without notice." *Mandujano v. Basic Vegetable Products, Inc.*, 541 F.2d 832, 835 (9th Cir. 1976). The notice should be the best "practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993). Sending individual notices to settlement class members' last-known addresses constitutes the requisite effort. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975); *Langford v. Devitt*, 127 F.R.D. 41, 45 (S.D.N.Y. 1989) ("[N]otice mailed by first class mail has been approved repeatedly as sufficient notice of a proposed settlement.").

The Settlement Administrator followed all of the procedures set forth in the Court-approved notice plan. Reasonable steps have been taken to ensure that all Class Members receive the Notice. Ultimately, of the 88 notices distributed via U.S. Mail, just 3 notices (0.03%) remained undeliverable following skip-tracing and other techniques to verify current mailing addresses. Cottrell Decl. at ¶ 23. The notices provided reasonable estimates of Class Members' recovery, in addition to considerable information about the case and the Settlement. Accordingly, the notice process was effective and satisfies the "best practicable notice" standard.

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

### C.  The Settlement Readily Warrants Final Approval

In deciding whether to approve a proposed class action settlement, the Court must find that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Officers for Justice*, 688 F.2d at 625. Included in this analysis are considerations of: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Village, LLC. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Importantly, courts apply a presumption of fairness if, as is the case here, "the settlement is recommended by class counsel after arm's-length bargaining." *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011). There is also "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). In light of these factors, the Court should find that the Settlement is fair, reasonable, and adequate, and finally approve it as to the Class and Opt-In Plaintiffs.

### 1.  The Settlement is entitled to a presumption of fairness because it is the product of informed, non-collusive, and arm's-length negotiations

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining. *See Hanlon*, 150 F.3d at 1027; *Wren*, 2011 WL 1230826, at *14. This Settlement was a product of non-collusive, arm's-length negotiations. *See* Cottrell Decl. at ¶¶ 18, 53. The Parties spent several months negotiating the material terms of the Settlement, and several rounds of meet and confer and correspondence related to the form and content of a settlement

Plaintiff's Motion for Final Approval of Class
And Collective Settlement– Page 20

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

notice/claims form process. *Id*. at ¶¶18-19, 53-54. Plaintiff is represented by experienced and respected litigators of representative wage and hour actions, and these attorneys feel strongly that the proposed Settlement achieves an excellent result for the Class Members. *Id*. at ¶ 55.

### 2. *The Class Members overwhelmingly support the Settlement*

The Ninth Circuit and other federal courts make clear that the number or percentage of class members who object to or opt out of the settlement is a factor of great significance. *See Mandujano*, 541 F.2d at 837; *see also In re Am. Bank Note Holographics, Inc.*, 127 F.Supp.2d 418, 425 (S.D.N.Y. 2001) ("It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy."). Courts have found that a relatively low percentage of objectors or opt outs is a very strong indicator of fairness that factors heavily in favor of approval. *See, e.g., Cody v. Hillard*, 88 F.Supp. 2d 1049, 1059-60 (D.S.D. 2000) (approving the settlement in large part because only 3% of the apparent class had objected to the settlement).

To date, with the notice period close to completion, no Class Members have objected to the Settlement, and no Class Members have opted out or requested exclusion. *See* Hernandez Decl. at ¶¶10-11. Taken together, there is widespread support for the Settlement among Class Members. This factor weighs heavily in favor of final approval.

### 3. *The strengths of Plaintiff's case*

Plaintiff contends that she has strong wage and hour claims that are chiefly rooted in Defendant's standardized policies, practices and procedures that nursing staff are required to follow, including the expectation that she and other patient care workers remain on-duty during unpaid meal breaks and rest periods, arrive early and prepare for their day before clocking in, and clock out but stay late to finish charting and other services for Defendant's benefit. See

**SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

ECF 48; ECF 49 at ¶ 51. Outreach performed by Class Counsel confirms that the Class Members routinely experienced regular unpaid work during meal and rest periods, among other unpaid time. *Id*. at ¶ 54. Plaintiff continues to believe she has a very strong case but is also pragmatic in her awareness of the risks inherent in this litigation, particularly where there are dozens of Class Members that worked in similar roles and at the same location that would create numerous individual suits requiring duplicative discovery and litigation if the action is not settled. *Id*. at ¶ 59.

### 4.     *The Action involves significant risk and the possibility of extensive further litigation*

While Plaintiff is confident in the strength of her case, recovery of the damages and penalties previously referenced would require overcoming procedural and substantive challenges, such as class certification and ultimate success on the merits as to all of Plaintiff's claims across the entire Class. Off-the-clock claims are difficult to certify for class treatment, given that the nature, cause, and amount of the off-the-clock work may vary based on the individualized circumstances of the worker. *See, e.g., Villafan v. Broadspectrum Downstream Servs.*, No. 18-cv-06741-LB, 2020 U.S. Dist. LEXIS 218152, at *15 (N.D. Cal. Nov. 20, 2020) (citing *In re AutoZone, Inc., Wage & Hour Employment Practices Litig.*, 289 F.R.D. 526, 539 (N.D. Cal. 2012), *aff'd*, No. 17-17533, 2019 WL 4898684 (9th Cir. Oct. 4, 2019)); *Kilbourne v. Coca-Cola Co*., No. 14CV984-MMA BGS, 2015 WL 5117080, at *14 (S.D. Cal. July 29, 2015); *York v. Starbucks Corp*., No. CV 08-07919 GAF PJWX, 2011 WL 8199987, at *30 (C.D. Cal. Nov. 23, 2011).

While Plaintiff is confident that she would establish that common policies and practices give rise to the off-the-clock work for the patient care staff at issue here, Plaintiff acknowledges that the off-the-clock work was performed at a number of different departments

under different managers. *See* ECF 49 at ¶ 75. With those considerations in mind, Plaintiff recognizes that obtaining class certification would present an obstacle, with the risk that the nursing staff might only be able pursue individual actions in the event that certification were denied. *Id*. at ¶ 76.  Certification of off-the-clock work claims is complicated by the lack of documentary evidence and reliance on employee testimony, and Plaintiff would likely face motions for decertification as the case progressed. *Id*. The monetary value of the proposed Settlement represents a fair compromise given the risks and uncertainties posed by continued litigation. *Id*. at ¶ 72. If the Action were to go to trial as a class and collective action (which Defendant would vigorously oppose if this Settlement Agreement were not approved), Class Counsel estimates that fees and costs would exceed $3,000,000. *Id*. at ¶ 73; Cottrell Dec. at ¶ 65.[8] The class and collective action claims would require substantial additional preparation and discovery. *Id*. It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. *Id*.

In contrast to litigating this suit, resolving this case by means of the Settlement will yield a prompt, certain, and very substantial recovery for the Class Members. *Id*. at ¶ 78. Such a result will benefit the Parties and the court system. *Id*. It will bring finality to the past two years of litigation and will foreclose the possibility of expanding litigation.

### 5. *The amount of the settlement favors approval*

In evaluating the fairness of a proposed settlement, courts compare the settlement amount with the estimated maximum damages recoverable in a successful litigation. *In re Mego Fin. Corp. Sec. Litig*., 213 F.3d 454, 459 (9th Cir.2000). Courts routinely approve

---

[8] The total potential exposure for Defendant estimated at approximately $3,741,000.

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

settlements that provide a fraction of the maximum potential recovery. *See, e.g., See, e.g., Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (approving settlement amounting to 30 percent of the damages estimated by the class expert; court noted that even if the plaintiffs were entitled to treble damages that settlement would be approximately 10 percent of the estimated damages); *Officers for Justice*, 688 F.2d at 623; *Viceral v. Mistras Grp., Inc.*, Case No. 15-cv-2198-EMC, 2016 WL 5907869, at *7 (N.D. Cal. Oct. 11, 2016) (approving wage and hour settlement which represented 8.1% of the total verdict value).[9]

A review of the Settlement reveals the fairness, reasonableness, and adequacy of its terms. *See* Cottrell Decl. at ¶ 65. The Gross Settlement Amount of $1,150,000 represents approximately 41% of the $2,749,000 that Plaintiff calculated in substantive damages for unpaid wages the Class Members exclusive of liquidated damages. *Id*. When adding other substantive claims and potential penalties, the $1,150,000 settlement amount represents approximately 31% of Defendant's updated total estimated potential exposure (including penalties and liquidated damages) of $3,741,000. *Id*.

Again, these estimated figures are based on Plaintiff's assessment of a best-case-scenario. To have obtained such a result at trial(s), Plaintiff would have had to prove that each of the Class Members worked off-the-clock for 1.25 hours in each workday and that Defendant acted knowingly or in bad faith. *Id*. at ¶ 66. These figures would of course be disputed and hotly contested. *Id*. The result is well within the reasonable standard when considering the difficulty and risks presented by pursuing further litigation. *Id*.

---

[9] *See also Stovall-Gusman v. W.W. Granger, Inc.*, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) ("10% gross and 7.3% net figures are 'within the range of reasonableness'"); *Balderas v. Massage Envy Franchising, LLP*, 2014 WL 3610945, at *5 (N.D. Cal. July 21, 2014 (gross settlement amount of 8% of maximum recovery and net settlement amount of 5%); *Ma v. Covidien Holding, Inc.*, 2014 WL 360196, at *4-5 (C.D. Cal. Jan. 31, 2014) (9.1% of "the total value of the action" is within the range of reasonableness).

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

### 6. Wide-ranging informal discovery has been completed

The amount of discovery completed prior to reaching a settlement is important because it bears on whether the Parties and the Court have sufficient information before them to assess the merits of the claims. *See, e.g., Boyd v. Bechtel Corp*., 485 F. Supp. 610, 617, 625 (N.D. Cal. 1979); *Lewis v. Starbucks Corp*., No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008);*Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 946 (9th Cir. 2011); *Bell v. Consumer Cellular, Inc.*, No. 3:15-cv-941-SI, 2017 U.S. Dist. LEXIS 95401, at *11 (D. Or. June 21, 2017). Informal discovery may also assist parties with "form[ing] a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy Stores*, L.P., 291 F.R.D. 443, 454 (E.D. Cal. 2013).

The Parties engaged in extensive informal discovery and class outreach that have enabled both sides to assess the claims and potential defenses in this action. *See* Cottrell Decl. at ¶ 16; ECF 48. Defendant produced over 7,000 pages of documents, as well as timekeeping, payroll records, and job assignment documents applicable to the Class members. *Id*. Class Counsel conducted upwards of three dozen outreach interviews. Cottrell Decl. at ¶ 15. This discovery was produced on an informal basis to facilitate mediation, and updated accordingly. *Id*.

### 7. Class Counsel are highly experienced

Where counsel is well-qualified to represent the class and collective in settlement negotiations, based on their extensive class action experience and familiarity with the strengths and weaknesses of the case, courts find this factor to support a finding of fairness. *Wren*, 2011 WL 1230826, at *10; *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP OPX, 2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded

considerable weight."); *Bell* at *11 (D. Or. June 21, 2017)(considering the experience and views of counsel as one of the factors guiding approval of settlement).

In reaching this Settlement, Plaintiff's counsel relied on their substantial litigation experience in similar wage and hour class and collective actions. Cottrell Decl. at ¶¶ 5-7, 69. Class Counsel used their skill and expertise in performing liability and damages evaluations that were premised on a careful and extensive analysis of the effects of Defendant's compensation policies and practices on Class Members' pay. *Id.* at ¶¶ 68-69. Ultimately, facilitated by the mediator, the Parties used this information and discovery to fairly resolve the litigation for $1,150,000. *Id.* at ¶ 70. Class Counsel believe that Plaintiff has achieved a strong settlement in light of all the risks and that the proposed Settlement achieves an excellent result for Class Members. *Id.*

### D.    The Class Representative Service Payment and Requested Attorneys' Fees and Costs are Reasonable

In approving the Settlement, the Court must determine whether "the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. In addition to the terms and details of the Settlement discussed above, the Settlement also establishes a Class Representative Service Payment of up to $15,000 for Plaintiff. Likewise in evaluating the Settlement, the Court must evaluate Plaintiff's request for attorneys' fees and costs pursuant to the terms of the Settlement. In their fee motion, Class counsel requested between one quarter and up to one-third of the Gross Settlement Amount, or an amount between $287,500.00 and $383,333.33, plus reimbursement of costs up to $3,164.77. The Court, while abeying its final decision as to the amount to be awarded in attorneys' fees and costs, did note that Defendant will not oppose Plaintiff's application for an award of up to $287,500.00. *See* ECF No. 52 at ¶ 11. Plaintiff herewith files its accompanying motion for

**SCHNEIDER WALLACE**
**COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

approval of fees and costs and of the service award to the Class Representative, pursuant to the Court's Order. *Id.* at ¶ 13.

Plaintiff sets forth the arguments in support of the service award, the attorneys' fees, and costs request in full in the accompanying Motion for Approval of Attorneys' Fees and Costs and Service Award, including that no objections to the service award, fees, or costs have been received from the Class and Collective members. Plaintiff does not repeat those arguments here. The Court should grant final approval to the requested service award, as well as the requested fees and costs, as reasonable.

### E.  The Court Should Finally Certify the Class

In its December 16, 2021 preliminary approval order, the Court granted certification of the provisional Oregon Class. *See* ECF 52. Now that notice has been effectuated, the Court should finally certify the Class in its Final Approval Order and Judgment. The Class meets all of the requirements for final approval as set forth below.

#### 1.  *The Class is numerous and ascertainable*

The numerosity prerequisite demands that a class be large enough that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). While there is no exact numerical cut-off, courts have routinely found numerosity satisfied with classes of at least 40 members. *See, e.g., Rannis v. Recchia*, 380 F. App'x 646, 648 (9th Cir. 2010); *Burney v. Dolich*, No. 3:14-cv-01005-AC, 2019 U.S. Dist. LEXIS 29836, at *45 (D. Or. Feb. 25, 2019); *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 485 (E.D. Cal. 2006). Here, there are approximately 88 Class members, who have been identified and issued notice, easily satisfying numerosity and ascertainability. *See* Cottrell Decl. at ¶ 72.

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## 2. *Plaintiff's claims raise common issues of fact and law*

The commonality requirement of Rule 23(a)(2) only requires a single common question of law or fact. *Lane v. Kitzhaber*, 283 F.R.D. 587, 598 (D. Or. 2012); see also *Rolex Emps. Ret. Tr. v. Mentor Graphics Corp.*, 136 F.R.D. 658, 660 (D. Or. 1991)("It is only necessary that there be at least one issue, the resolution of which will affect all or a significant number of the putative class members."). "Indeed, Rule 23(a)(2) has been construed permissively." *Swearingen v. Amazon*, No. 3:19-cv-1156-JR, 2021 U.S. Dist. LEXIS 247173, at *10 (D. Or. July 19, 2021)(citing to *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). Plaintiff "need not show that every question in the case, or even a preponderance of questions, is capable of classwide resolution." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013). "[E]ven a single common question" can satisfy the commonality requirement of Rule 23(a)(2). *Id.*

Plaintiff contends that common questions of law and fact predominate here, satisfying paragraphs (a)(2) and (b)(3) of Rule 23, as alleged in the operative complaint. *See* Cottrell Decl. at ¶ ¶ 73-74. Defendants have uniform policies applicable to the Class Members. *Id.* Specifically, Plaintiff alleges that the Class Members all perform the same primary job duties—providing direct patient care services, completing medical paperwork and charting, responding to patients' medical needs, and communicating with doctors, hospital personnel, patients, and their families. *Id*; *see* ECF Nos. 1 and 48. Plaintiff alleges the wage and hour violations are in large measure borne of Defendant's standardized policies, practices, and procedures that impact these direct patient care workers in the same ways, creating pervasive issues of fact and law that are amenable to resolution on a class-wide basis. In particular, Class Members are largely subject to the same: hiring and training process; timekeeping, payroll, and compensation policies; and meal and rest period policies and practices, and have the same

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

basic requirement to remain responsible for their patients throughout their entire shift as a consequence of their ethical obligations to their assigned patients. *Id*. Because these questions can be resolved at the same juncture, Plaintiff contends the commonality requirement is satisfied for the Class. *Id*.

### 3. *Plaintiff's claims are typical of the claims of the Class*

"Rule 23(a)(3) requires that the claims of the named parties be typical of the claims of the members of the class." *Fry*, 198 F.R.D. at 468. "Under the rule's permissive standards, a representative's claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Here, Plaintiff contends that her claims are typical of those of all other Class Members. *See* Cottrell Decl. at ¶¶ 75-76. The Class Members were subject to the alleged illegal policies and practices that form the basis of the claims asserted by Plaintiff in this case. *Id*. Interviews with Class Members and review of timekeeping and payroll data confirm that these non-exempt patient care employees were subjected to the same alleged illegal policies and practices to which Plaintiff alleges she was subjected. *Id*. Thus, Plaintiff contends the typicality requirement is also satisfied. *Id*.

### 4. *Plaintiff and Class Counsel will adequately represent the Class*

To meet the adequacy of representation requirement in Rule 23(a)(4), Plaintiff must show "(1) that the putative named plaintiff has the ability and the incentive to represent the claims of the class vigorously; (2) that he or she has obtained adequate counsel, and (3) that there is no conflict between the individual's claims and those asserted on behalf of the class." *Fry*, 198 F.R.D. at 469. Plaintiff's claims are in line with the claims of the Class, and Plaintiff's claims are not antagonistic to the claims of Class Members. *See* Cottrell Decl. at ¶

**SCHNEIDER WALLACE**
**COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

76. Plaintiff has prosecuted this case with the interests of the Class Members in mind. *Id*. Moreover, Class Counsel has extensive experience in class action and employment litigation, including wage and hour class actions, and does not have any conflict with the Class. *Id*. at ¶¶ 5-7, 77.

### 5.    *The Rule 23(b)(3) requirements for class certification are also met*

Under Rule 23(b)(3), Plaintiff must demonstrate that common questions "predominate over any questions affecting only individual members" and that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The predominance analysis under Rule 23(b)(3) focuses on 'the relationship between the common and individual issues' in the case and 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Wang*, 737 F.3d at 545.

Here, Plaintiff contends the common questions raised in this action predominate over any individualized questions concerning the Class. *See* Cottrell Decl. at ¶ 78. The Class is entirely cohesive because resolution of Plaintiff's claims hinge on the uniform policies and practices of Defendant, rather than the treatment the Class Members experienced on an individual level. *Id*. As a result, Plaintiff contends the resolution of these alleged class claims would be achieved through the use of common forms of proof, such as Defendant's uniform policies, and would not require inquiries specific to individual Class Members. *Id*.

Further, Plaintiff contends the class action mechanism is a superior method of adjudication compared to a multitude of individual suits. *Id*. at ¶ 79. To determine whether the class approach is superior, courts are to consider: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

Here, the Class Members do not have a strong interest in controlling their individual claims. *See* Cottrell Decl. at ¶ 80. The Action involves dozens of workers with very similar, but relatively small, claims for monetary injury. *Id*. If the Class Members proceeded on their claims as individuals, their many individual suits would require duplicative discovery and duplicative litigation, and each Class Member would have to personally participate in the litigation effort to an extent that would never be required in a class proceeding. *Id*. Thus, Plaintiff contends the class action mechanism would efficiently resolve numerous substantially identical claims at the same time while avoiding a waste of judicial resources and eliminating the possibility of conflicting decisions from repetitious litigation. *Id*.

The issues raised by the present case are much better handled collectively by way of a settlement. Manageability is not a concern in the settlement context. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 593 (1997). The Settlement presented by the Parties provides finality, ensures that workers receive substantial redress for their claims, and avoids clogging the legal system with numerous cases. *See* Cottrell Decl. at ¶ 82. Accordingly, class treatment is efficient and warranted, and the Court should certify the Class for settlement purposes.

## VI. THE COURT SHOULD APPROVE THE PROPOSED SCHEDULE

Lastly, Plaintiff respectfully requests that the Court approve the following implementation schedule under the Settlement.

| Effective Date | The date by which the Agreement is approved by the Court, and latest of: (i) if no objection to the Settlement is made, or if an objection to the Settlement is made and Judgment is entered but no appeal is filed, |
| --- | --- |

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

|  | the last date on which a notice of appeal from the Judgment may be filed and none is filed; or (ii) if Judgment has been entered and a timely appeal from the Judgment is filed, the date the Judgment is affirmed and is no longer subject to appeal. |
|---|---|
| Deadline for Defendant to pay the Gross Settlement Amount into the Qualified Settlement Account | Within 15 business days after Effective Date |
| Deadline for Defendant to deposit the amount of employer-side payroll taxes | Within 15 business days after Effective Date |
| Deadline for Settlement Services Inc.to make payments under the Settlement to Participating Class Members, Opt-In Plaintiffs, Plaintiff, Class Counsel, and itself | Within 15 days after Defendant fund the Gross Settlement Amount |
| Deadline for ILYM to send a reminder notice to Participating Class Members that have not cashed their Settlement Share checks | 120 days after issuance |
| Check-cashing deadline | 180 days after issuance |
| Deadline for ILYM to redistribute funds from uncashed Settlement Share checks to those Class Members and Opt-In Plaintiffs who cashed their Settlement Share checks or to the *cy pres* recipients, as applicable | As soon as practicable after check-cashing deadline |
| Deadline for ILYM to provide written certification of completion of administration of the Settlement to counsel for all Parties and the Court | As soon as practicable after completion of the redistribution of uncashed Settlement Share check funds and/or the tender such funds to *cy pres* |

## VII.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant final approval of the Settlement Agreement and enter the accompanying proposed Final Approval Order and Judgment.

**SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Date: March 23, 2022

Respectfully submitted,

*/s/ Carolyn H. Cottrell*

Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel: (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com

Carolyn H. Cottrell (*pro hac vice*)
David C. Leimbach (*pro hac vice*)
Jordyn D. Rystrom Emmert(*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
jemmert@schneiderwallace.com

*Attorneys for Plaintiff, Class, and Collective
Members*

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 7,691 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## CERTIFICATE OF SERVICE

I certify that on March 23, 2022, I filed this document through the Court's CM/ECF system, which will serve a copy on all parties of record.

*/s/ Carolyn H. Cottrell*

Carolyn H. Cottrell

Plaintiff's Motion for Final Approval of Class
And Collective Settlement– Page 33