Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN LLP
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Tel: (503) 974-5023; Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Carolyn H. Cottrell (*pro hac vice*)
David C. Leimbach (*pro hac vice*)
Jordyn D. Rystrom Emmert (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
jemmert@schneiderwallace.com
*Lead Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| LORRAINE LYTLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COQUILLE VALLEY HOSPITAL,<br><br>Defendant. | Case No. 6:19-cv-00722-AA<br><br>CLASS AND COLLECTIVE ACTION<br><br>**FINAL APPROVAL ORDER AND JUDGMENT**<br><br>**NOTED FOR HEARING: May 9, 2022 at 11:00 AM in Eugene, Oregon via Videoconference** |

Order Granting Plaintiff's Motion for Final Approval of Class and Collective Settlement
1

The Motion for Final Approval of Class and Collective Action Settlement filed by Lorraine Lytle came for hearing in the above-captioned court, the Honorable Ann Aiken presiding. Defendant does not oppose the motion but preserves its ability to oppose the extent of the award of attorneys' fees. At the hearing. Defendant deferred to the Court as to the question of attorneys' fees.

In the Complaint, Plaintiff alleges that Defendant violated Federal and Oregon wage and hour laws with respect to a group of eighty-eight (88) current and former non-exempt nursing staff who have worked for Coquille Valley Hospital. Throughout the relevant time period, Plaintiffs allege they were required to remain on-duty during their unpaid meal breaks in accordance with Defendant's practices, policies, and as a requirement to abide by their patient care-related ethical obligations to their patients. Plaintiffs also allege they were required to arrive early for their shifts, but were instructed to remain clocked out while they prepared for their day and were required to clock in only within a few minutes of their scheduled start time. Plaintiffs also allege they were required to clock out within a few minutes of their end-of-shift, but were expected to stay late to complete charting and assist other hospital personnel.

Plaintiff alleges causes of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, et seq.; and Oregon wage and hour laws, including OAR 653.261, OAR 839-020-0030, ORS 652.610, ORS 652.140, OAR 839-020-0050, and OAR 839-020-0050(6).

After informal discovery and investigation by Plaintiff's counsel, the Parties entered into voluntary settlement conference overseen by the Honorable Magistrate Judge Stacie Beckerman in an attempt to resolve the claims. As a result of that settlement conference on February 21, 2020, the Parties reached a global settlement that resolves all of the claims in the action as to the eighty-eight Class members. The Parties then extensively negotiated, drafted, and executed a

Order Granting Plaintiff's Motion for Final Approval of Class and Collective Settlement

Stipulation of Class and Collective Action Settlement, that was executed on April 6, 2021, filed at ECF 49-1.

Plaintiff filed a Motion for Preliminary Approval of Class and Collective Action Settlement on May 27, 2021. ECF 48. The Court granted the motion on December 16, 2021. *See* ECF 52. Before the Court is the last stage of the settlement approval process: final approval of the Settlement. Plaintiff has separately moved for approval of attorneys' fees and costs and the service award for the Class Representative.

At the final approval hearing was Schneider Wallace Cottrell Konecky LLP and Buchanan Angeli Altschul & Sullivan LLP for the Plaintiff, Class, and Collective members, and Arbor Employment Law on behalf of Coquille Valley Hospital.

Having reviewed the papers and documents presented, having heard the statements of counsel, and having considered the matter, the Court HEREBY ORDERS as follows:

1. The Court has jurisdiction over the claims of the Participating Class Members and Opt-In Plaintiffs asserted in this proceeding and over all Parties to the action.

2. The Court finds that zero Class Members have objected to the Settlement and zero Class Members have requested exclusion from the Settlement. Additionally, approximately 51 Collective Members have filed valid opt-in forms.

3. The Court hereby GRANTS final approval of the terms and conditions contained in the Settlement, as to the Participating Class Members and Opt-In Plaintiffs. The Court finds the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

4. The Court finds that: (1) the settlement amount is fair and reasonable as to the Participating Class members when balanced against the probable outcome of further

litigation relating to class certification, liability and damages issues; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds the Settlement was entered into in good faith.

5. The Court hereby makes final its certification of the provisional Class, in accordance with the Settlement, for the purposes of this Settlement only. The Class is defined as: the eighty-eight (88) current and former non-exempt nursing staff, including registered nurses, licensed practical nurses, and certified nursing assistants, who worked for CVH in the medical/surgical department, emergency department, wound care department, or operating room at any time from November 10, 2018 through May 9, 2019. The "FLSA Sub-Class" means all current and former class members who have either already opted in to the FLSA collective action, or who otherwise timely submit a claims form to become Opt-In Plaintiffs in conjunction with the Settlement. The "Rule 23 Sub-Class" means all current and former Class members who do not timely submit a claims form to become Opt-In Plaintiffs in conjunction with the Settlement and who do not exclude themselves from the settlement entirely.

6. The Court hereby GRANTS Approval of the terms and conditions contained in the Settlement as to the FLSA Sub-Class. The Court finds the terms of the Settlement are

within the range of possible approval, pursuant to the Fair Labor Standards Act and applicable law.

7. The Court finds that: (1) the settlement amount is fair and reasonable to the FLSA Sub-Class Members when balanced against the probable outcome of further litigation relating to certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

8. The Court hereby finally appoints Schneider Wallace Cottrell Konecky LLP and Buchanan Angeli Altschul & Sullivan LLP as Class Counsel, and the Court hereby conditionally appoints Plaintiff Lytle as the Class Representative and as representative for the FLSA Sub-Class.

9. The Court finds the approved Class and Collective Notice of Settlement (ECF 49-1 at pp. 25-35) constituted the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds the Notice of Settlement fully and accurately informed the Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. A full opportunity has been afforded to the Class Members to participate

in this hearing and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members that did not submit a Request for Exclusion are bound by this Final Approval Order and Judgment.

10. The Court further finds that the Class and Collective Notice Packet fully and accurately informed the Collective Members of all material elements of the proposed Settlement and of their right to opt into the Settlement. Accordingly, the Court determines that all Opt-In Plaintiffs are bound by this Final Order and Judgment

11. The Court FINALLY APPROVES a service award of $15,000 for Plaintiff, and finds that this award is fair and reasonable for the work this individual provided to the Class and Collective and the broader release she executed than the Class Members and Opt-In Plaintiffs.

12. The Court FINALLY APPROVES Class Counsel's request for attorneys' fees of one third of the Gross Settlement Amount, for a total of $383,333.33 in fees.This amount is justified under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, the substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel' representation of Plaintiff and the Class and Collective, and the additional work required of Class Counsel to bring this Settlement to conclusion. The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that the hourly rates of Schneider Wallace Cottrell Konecky LLP and Buchanan Angeli

Altschul & Sullivan LLP are reasonable, and that the estimated hours expended are reasonable.

13. The Court FINALLY APPROVES Class Counsel's request for litigation costs in the amount of up to $3,164.77

14. The Court confirms the appointment of ILYM Group, Inc., ("ILYM") as Settlement Administrator and approves its reasonable administration costs of $6,940.00 which are to be paid from the Gross Settlement Amount.

15. The Court approves Coos County Friends of Public Health as the *cy pres* recipient in the event in which there are funds remaining.

16. Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the following implementation schedule.

| Effective Date | The date by which the Agreement is approved by the Court, and latest of: (i) if no objection to the Settlement is made, or if an objection to the Settlement is made and Judgment is entered but no appeal is filed, the last date on which a notice of appeal from the Judgment may be filed and none is filed; or (ii) if Judgment has been entered and a timely appeal from the Judgment is filed, the date the Judgment is affirmed and is no longer subject to appeal. |
|---|---|
| Deadline for Defendant to pay the Gross Settlement Amount into the Qualified Settlement Account | Within 15 business days after Effective Date |
| Deadline for Defendant to deposit the amount of employer-side payroll taxes | Within 15 business days after Effective Date |
| Deadline for Settlement Services Inc. to make payments under the Settlement to Participating Class Members, Opt-In Plaintiffs, Plaintiff, Class Counsel, and itself | Within 15 days after Defendant fund the Gross Settlement Amount |
| Deadline for ILYM to send a reminder notice to Participating Class Members that have not cashed their Settlement Share checks | 120 days after issuance |

Order Granting Plaintiff's Motion for Final Approval of Class and Collective Settlement

| Check-cashing deadline | 180 days after issuance |
| --- | --- |
| Deadline for ILYM to redistribute funds from uncashed Settlement Share checks to those Class Members and Opt-In Plaintiffs who cashed their Settlement Share checks or to the *cy pres* recipients, as applicable | As soon as practicable after check-cashing deadline |
| Deadline for ILYM to provide written certification of completion of administration of the Settlement to counsel for all Parties and the Court | As soon as practicable after completion of the redistribution of uncashed Settlement Share check funds and/or the tender such funds to *cy pres* |

17. The Court further ORDERS that, pending further order of this Court, all proceedings in the Action, except those contemplated herein and in the Settlement, are stayed.

18. With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Settlement are barred as of the Effective Date.

19. The Court permanently enjoins all of the Participating Class Members and Opt-In Plaintiffs from pursuing, or seeking to reopen, any released claims (as defined in the Settlement at Paragraph 4.19 against any of the Defendants and Released Parties (as defined in the Settlement at Paragraph 2.28) as of the Effective Date.

20. The Court dismisses the above-captioned Action with prejudice and HEREBY ENTERS JUDGMENT consistent with the Settlement and this Order to so dismiss the Action. Accordingly, The Court HEREBY ORDERS, ADJUDGES, AND DECREES THAT all Participating Class Members and all Opt-In Plaintiffs are permanently enjoined and barred from prosecuting against any released claims (as defined in the Settlement at Paragraph 4.19) against any of the Defendants and Released Parties (as defined in the Settlement at Paragraph 2.28) as of the Effective Date.

21. The Court shall retain jurisdiction to enforce the terms of the Settlement.

**IT IS SO ORDERED.**

Dated:  May 9, 2022              /s/Ann Aiken
                                 HON. ANN AIKEN
                                 United States District Judge,
                                 District of Oregon

Order Granting Plaintiff's Motion for Final Approval of Class and Collective Settlement
9